# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| VIRGINIA SALMON | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-07-CV-148 (TJW) |
| | § | |
| EASTMAN CHEMICAL COMPANY, | § | |
|     Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

The defendant's Motion for Summary Judgment and Brief (#19) (the "Motion") is before the court. For the following reasons, the court **GRANTS** the Motion. All claims are dismissed, and all pending motions are **DENIED as moot.**

## I. INTRODUCTION AND UNDISPUTED FACTS

Plaintiff Virginia Salmon ("Salmon") was employed as an operator at Defendant Eastman Chemical Company's ("Eastman") Longview, Texas facility from May 24, 1994, until January 27, 2006. Following surgery on her ankle, Salmon requested and was given Family Medical Leave Act ("FMLA") leave. On January 19, 2006, Salmon received a FMLA package for leave she requested for another surgery scheduled for January 31, 2006. On January 27, 2006, Salmon's supervisor escorted her to the nurses office because she was asleep at her work station.[1] Salmon was terminated that same day. Prior to this incident, Salmon had been disciplined for a multitude of issues and placed on a Warning and Performance Improvement Plan ("PIP"). Salmon was placed on the PIP the month before she requested leave. The PIP expressly stated Salmon "was told that any type of rule, policy, safety, attendance, or procedure violation will result in further disciplinary action up to

---

[1] Five of Salmon's co-workers and supervisors have tendered written statements indicating that Salmon was in fact asleep. Plaintiff admits she could have been asleep.

and including termination." Salmon violated the terms of the PIP on several instances before she was terminated. Before her termination, Salmon was given an opportunity to address the Disciplinary Review Committee where the events of the day were discussed and reduced to writing. After the Committee's deliberation, Salmon was terminated. Salmon then brought this suit asserting that she was terminated out of retaliation for requesting leave, which violated the FMLA.

## II.     APPLICABLE LAW

Summary judgment should be rendered "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The evidence and pleadings must be viewed in the light most favorable to the party opposing summary judgment. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment is proper in a case where there is no genuine issue of material fact. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-248 (1986)(emphasis in original).

The substantive law identifies material facts; disputes over facts that are irrelevant or unnecessary will not be defeat a motion for summary judgment. *Id.* at 248. A "genuine" dispute about a material fact means that the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. ANALYSIS

The FMLA contains two provisions. Specifically, "employers have a prescriptive obligation under the FMLA–they must grant employees substantive rights guaranteed by the FMLA–and they have a proscriptive obligation–they may not penalize employees for exercising their rights." *Chaffin v. John H. Carter Co., Inc.,* 179 F.3d 316, 19 (5th Cir. 1999). Salmon's complaint only alleges that Eastman "failed to continue her employment during a period during which she had a 'serious health condition,' as defined by the FMLA."

Salmon has failed to produce any evidence supporting her claim that Eastman violated the FMLA. Indeed, she testified that she never had any problems taking or getting paid for her FMLA leave. Salmon testified that she knows several other employees that have taken FMLA leave without being retaliated against. Salmon admits that at the time of her termination she was taking a multitude of drugs. Additionally, she wrote a letter to her supervisors at Eastman, admitting her wrongful conduct, and apologizing for that conduct.

Eastman has produced a multitude of evidence of Salmon's performance and behavioral problems. Additionally, Eastman provided evidence that of the 500 employees that took FMLA leave in 2005, and 2006, only seven of those were involuntarily terminated for other reasons. Simply put, Eastman has provided ample evidence that the termination was justified, and not a surprise to Salmon, while Salmon has produced no evidence to support her claim.

## IV    CONCLUSION

The plaintiff has failed to produce any evidence raising a genuine issue of material fact that she was terminated in violation of the FMLA. The court, therefore, GRANTS the Motion and

dismisses the case with prejudice. The court DENIES all pending motions as moot.

SIGNED this 9th day of September, 2008.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE